Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
MATTHEW CRAIG

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW CRAIG, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| v. | ) |
| | ) **PLAINTIFF'S COMPLAINT** |
| NAVIENT SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, MATTHEW CRAIG, ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of NAVIENT SOLUTIONS, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

2. This Court has federal question jurisdiction because this case arises out of violations of

1

federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in Stockton, San Joaquin County, California.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff, is a resident of Stockton, San Joaquin County, California.

6. "In 2014, Sallie Mae, Inc., Salle Mae Bank and SLM Corporation completed a series of transactions that split the companies."  *See* Andrew Wachtel's Declaration, Case 2:15-cv-02819-JTF-cgc, Document No. 42-3, page 2, ¶ 8.

7. "Further, Sallie Mae, Inc. changed its name to Navient Solutions, Inc., …" *Id*.

8. "Since May 1, 2014, Navient Solutions, Inc., has been engaged in the business of servicing student loans…" *Id*.

9. Navient is a publicly traded U.S. corporation based in Wilmington, Delaware.

10. Navient services and collects on student loans.

11. Navient manages approximately $300 billion in student loans for over 12 million consumers.

## FACTUAL ALLEGATIONS

12. In approximately 2010, Plaintiff, MATTHEW CRAIG, applied for and received student loans through Sallie Mae Bank.

13. All of the telephone calls Defendant made to Plaintiff were an attempt to service Plaintiff's student loans.

14. None of the calls Defendant made to Plaintiff were for an emergency purpose.

15. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone xxx-xxx-2502 to service and collect on Plaintiff's student loans.

16. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone from the following telephone numbers: 513-972-4973, 607-235-5092 and 585-445-6796.

17. The following telephone numbers are Defendant's phone numbers: 513-972-4973, 607-235-5092 and 585-445-6796.

18. On October 19, 2015, Agruss Law Firm, LLC, mailed Defendant a letter requesting Defendant stop calling Plaintiff's cellular telephone.

19. Despite receiving the letter from Agruss Law Firm, LLC, Defendant continued to call Plaintiff's cellular telephone.

20. All of the calls Defendant made to Plaintiff's cellular telephone were made with the Noble Systems Dialer.

21. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

22. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

23. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

24. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

25. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

26. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

3

27. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

28. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

29. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

37. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

4

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

38. Defendant's conduct violated the TCPA by:

    a.  Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, MATTHEW CRAIG, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC. for the following:

39. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

40. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

41. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

42. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,


DATED:  July 27, 2016          AGRUSS LAW FIRM, LLC


           By: /s/  Michael S. Agruss
               Michael S. Agruss
               Attorney for Plaintiff
               MATTHEW CRAIG